JUDGE GRIESA

PETER JAKAB (PJ-8553)
FEIN & JAKAB
The Woolworth Building
233 Broadway - Suite 930
New York, NY 10279
(212) 732-9290

MARTIN R. GLICK
JEFFREY E. FAUCETTE
ROBERT CRUZEN
HOWARD, RICE, NEMEROVSKI,
 CANADY, FALK & RABKIN,
 A Professional Corporation
Three Embarcadero Center
San Francisco, CA 94111
(415) 434-1600

Attorneys for Plaintiffs
HEWLETT-PACKARD COMPANY,
HEWLETT-PACKARD DEVELOPMENT
COMPANY, L.P. and COMPAQ
TRADEMARK, B.V.

05 CV 3394





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HEWLETT-PACKARD COMPANY, a
Delaware corporation, HEWLETT-PACKARD
DEVELOPMENT COMPANY, L.P., a Texas
limited partnership, and COMPAQ
TRADEMARK, B.V., a Netherlands
company,

        Plaintiffs,

   - against -

COMPUTERGIANTS.COM, INC., a New York
corporation, DEAN SOUKERAS, DEAN
COHEN and RYAN RAMOS,

        Defendants.
------------------------------------------------------------x

CASE NO.:

**COMPLAINT FOR:**

(1)  **TRADEMARK COUNTERFEITING (15 U.S.C. §1116(d)(1)(B));**
(2)  **TRADEMARK INFRINGEMENT (15 U.S.C. §1114);**
(3)  **UNFAIR COMPETITION and FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a));**
(4)  **UNFAIR COMPETITION;**
(5)  **MISAPPROPRIATION;**
(6)  **DECEPTIVE ACTS and PRACTICES (NY GEN. BUS. LAW §349);**

**JURY TRIAL DEMANDED**

Plaintiffs Hewlett-Packard Company, Hewlett-Packard Development Company, L.P., and Compaq Trademark, B.V. (collectively "Hewlett-Packard"), for their complaint against Defendants ComputerGiants.com, Inc., Dean Soukeras, Dean Cohen and Ryan Ramos ("Defendants"), allege as follows:

## INTRODUCTION

1. Defendants are engaged in the marketing, distribution, and sale of memory kits bearing counterfeit labeling with Hewlett-Packard's federally registered HP, HP logo, HEWLETT-PACKARD, HP INVENT and COMPAQ trademarks. Unless enjoined, Defendants will continue to pass off their counterfeit goods as coming from or endorsed by Hewlett-Packard, irreparably harming Hewlett-Packard in the process.

## PARTIES

2. Hewlett-Packard Company is a Delaware corporation with its principal place of business in Palo Alto, California.

3. Hewlett-Packard Development Company, L.P. is a Texas limited partnership with its principal place of business in Houston, Texas.

4. Compaq Trademark B.V. is a Netherlands company with a principal place of business at Amsterveen, The Netherlands.

5. On information and belief, Defendant ComputerGiants.com, Inc. is a corporation organized and existing under the laws of the state of New York with a principal place of business at 168 Madison Avenue, 7th Floor, New York, New York, 10016.

6. On information and belief, Defendant Dean Soukeras is president and owner of ComputerGiants.com, Inc. and a resident of New York, New York.

7. On information and belief, Defendant Dean Cohen is an officer and owner of

ComputerGiants.com, Inc. and a resident of Rancho Santa Margarita, California.

8. On information and belief, Defendant Ryan Ramos is an officer and owner of ComputerGiants.com, Inc. and a resident of San Clemente, California.

9. The true names and capacities of the Defendants named herein as Does 1-10, inclusive, are unknown to Hewlett-Packard, who therefore sues said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Hewlett-Packard is informed and believes and thereon alleges that each of the Defendants is liable to Hewlett-Packard for the events alleged herein.

## JURISDICTION AND VENUE

10. This action arises under the Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. Sections 1051 *et seq*. This Court has jurisdiction pursuant to 15 U.S.C. Section 1121, 28 U.S.C. Section 1331, 28 U.S.C. Section 1338(a), and 28 U.S.C. Section 1367(a).

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sections 1391(b) and (d) in that the Southern District of New York is the district wherein Defendants reside.

## HEWLETT-PACKARD'S MARKS

12. Plaintiff Hewlett-Packard Company, now merged with (and the successor-in-interest to) Compaq Corporation, is an internationally known company specializing in computer hardware and software, printers, electronics, and other technical goods. The company was originally founded in 1939 and now has tens of thousands of employees worldwide with sales and support offices and distributorships worldwide in more than 100 countries.

13. Hewlett-Packard owns several United States Trademark Registrations for the marks HP, HP INVENT logo and HEWLETT-PACKARD, including *inter alia*, HP HEWLETT

PACKARD & DESIGN (U.S. Registration No. 1850493); HEWLETT PACKARD (U.S. Registration No. 1861560); HP (U.S. Registration No. 1840215); HP AND DESIGN (ROUNDED RECTANGLE) (U.S. Registration No. 1842724); HEWLETT PACKARD (U.S. Registration No. 1096556); HP (U.S. Registration No. 1116835); HP INVENT & DESIGN (U.S. Registration No. 2474422). Hewlett-Packard is also the owner of the mark COMPAQ, which mark has been registered with the United States Patent and Trademark Office as, among others, COMPAQ (U.S. Registration No. 1467066); COMPAQ (U.S. Registration No. 1993755); COMPAQ (U.S. Registration No. 1993756); and COMPAQ (U.S. Registration No. 2183367). True and correct copies of these trademark registrations for all of these trademarks (collectively the "HP Marks") are attached as Exhibit A and incorporated by reference. These marks have been in use for many years and the HP Marks are famous throughout the world. As the registrant of the above registrations, Hewlett-Packard has the exclusive, nationwide right to use, and to license the use of, the HP Marks.

14. For many years, Hewlett-Packard has continuously used the HP Marks in connection with the promotion, advertising and sale of Hewlett-Packard computer hardware, including, *inter alia*, memory kits. Hewlett-Packard has invested an enormous effort over a long period of time, including the expenditure of substantial funds, to develop goodwill in the HP Marks to cause consumers throughout the United States and the world to recognize these marks as distinctly designating Hewlett-Packard goods and services. Hewlett-Packard also provides its customers with products and services that meet well-known high standards for performance and reliability.

15. As a result of the lengthy and substantial use of the HP Marks, these marks are extremely strong and widely recognized by computer users and consumers as representing the goods and services offered by Hewlett-Packard. The HP Marks have come to be known by actual and potential customers as marks owned by and associated exclusively with Hewlett-Packard, and as symbolizing the exceptional goods designed, manufactured, distributed,

marketed, and sold by or on behalf of Hewlett-Packard. The HP Marks are famous and strong marks, and they have secondary meaning. Due to the high quality of Hewlett-Packard's goods and services, the HP Marks are seen as representative of quality, reliability and consistency, and they have become an extremely valuable asset carrying substantial goodwill.

16.  At all times alleged herein, Hewlett-Packard has provided notice that the HP Marks were registered and, on information and belief, Defendants had actual notice that the HP Marks were registered.

## DEFENDANTS' INFRINGING USES

17.  Defendants are marketers, distributors and sellers of, among other items, computer memory kits. In particular, Defendants have marketed, distributed and sold memory kits bearing counterfeit HP Marks.

18.  The Defendants are selling memory kits of unknown origin bearing counterfeit Hewlett-Packard product labels and security labels that include the HP Marks in order to mislead customers as to the origin of the product. Hewlett-Packard has confirmed that the product labels are counterfeit because they bear conflicting information, invalid serial numbers, and because they are missing a number of covert security features employed by Hewlett-Packard to identify genuine Hewlett-Packard goods.

19.  In addition, the security labels on the memory kits fail to match the characteristics publicly disclosed by Hewlett-Packard on its website at www.hp.com. Genuine Hewlett-Packard security labels employ color shifting ink that shifts from indigo blue to bronze. The counterfeit security label used on the memory kits sold by the Defendants employs a color shifting ink, but the colors used are not those that appear on authentic Hewlett-Packard security labels. This indicates that they are not genuine Hewlett-Packard security labels, and the fact that genuine labels should possess these characteristics has been public knowledge since December 2003, as

reflected in the copies of pages printed from Hewlett-Packard's website and attached as Exhibit B.

20. Defendants have also misused the HP Marks on the www.computergiants.com website.

21. Genuine Hewlett-Packard memory kits of the type sold by Defendants sell for $999.00. The counterfeit memory kits were sold by the Defendants for $650.00.

22. On information and belief, Defendant Dean Soukeras directed, controlled, ratified, participated in or was the moving force behind the sale of counterfeit, unauthorized Hewlett-Packard memory kits.

23. On information and belief, Defendant Dean Cohen directed, controlled, ratified, participated in or was the moving force behind the sale of counterfeit, unauthorized Hewlett-Packard memory kits.

24. On information and belief, Defendant Ryan Ramos directed, controlled, ratified, participated in or was the moving force behind the sale of counterfeit, unauthorized Hewlett-Packard memory kits.

**FIRST CLAIM FOR RELIEF**
(Trademark Counterfeiting)
(15 U.S.C. §1116(d)(1)(B))

25. The allegations of paragraphs 1 through 24 are incorporated herein by reference.

26. In connection with the marketing and sales of memory kits, Defendants have used non-genuine HP Marks which are identical or substantially indistinguishable from Hewlett-Packard's registered marks.

27. The HP Marks are registered on the Principal Register for the same class of goods in connection with which Defendants' counterfeit marks are being used.

28. Hewlett-Packard's registered marks are currently in use.

29. At all relevant times alleged herein, Defendants' use of counterfeit copies of the HP Marks was unauthorized by Hewlett-Packard.

30. Defendants have intentionally used counterfeits of the HP Marks all the while knowing that the marks were counterfeit because Defendants had no authority to use the HP Marks to identify non-genuine goods.

31. Defendants intentionally used counterfeits of the HP Marks in connection with the sale and/or offering for sale or distribution of its goods and services, namely in connection with the sale and/or offering for sale or distribution of memory kits.

32. Defendants' use of counterfeit copies of HP Marks on their goods and services is likely to cause confusion, mistake or to deceive.

33. By these acts, Defendants willfully intended to counterfeit Hewlett-Packard's registered trademarks and to trade on the reputation of Hewlett-Packard, the owner of the trademarks.

34. Because of the Defendants' conduct, Hewlett-Packard has been irreparably harmed in its business. Hewlett-Packard will continue to suffer irreparable harm unless Defendants are restrained from counterfeiting the HP Marks.

35. Without injunctive relief, Hewlett-Packard has no means by which to prevent Defendants' infringing conduct, and Hewlett-Packard will continue to be harmed irreparably by the confusion and deception of the public. No amount of money damages can adequately compensate Hewlett-Packard if it loses the ability to control the use of its trademarks, reputation and goodwill. Thus, Hewlett-Packard is entitled to injunctive relief prohibiting Defendants from using the HP Marks in any promotion, advertisement or sale of memory kits and/or related goods or services.

36. Hewlett-Packard is entitled to recover all profits heretofore realized by Defendants during their use of the infringing HP Marks, as well as Hewlett-Packard's costs in this action

pursuant to 15 U.S.C. Section 1117(a).

37. Defendants' actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, Hewlett-Packard is entitled to recover three times the amount of Defendants' profits plus Hewlett-Packard's reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117(b).

38. Alternatively, Hewlett-Packard is entitled at its election to recover statutory damages pursuant to 15 U.S.C. Section 1117(c).

**SECOND CLAIM FOR RELIEF**
(Infringement of Registered Mark)
(15 U.S.C. §1114)

39. The allegations of paragraphs 1 through 38 are incorporated herein by reference.

40. Hewlett-Packard's registered HP Marks are inherently distinctive and have acquired secondary meaning. Purchasers associate the HP Marks only with Hewlett-Packard products. This is a result both of the trademarks' inherent distinctiveness and of extensive advertising and sales throughout the United States of goods and services bearing the HP Marks.

41. Because of Defendants' infringement, Hewlett-Packard has been irreparably harmed in its business. Hewlett-Packard will continue to suffer irreparable harm unless Defendants are restrained from infringing the HP Marks.

42. Without injunctive relief, Hewlett-Packard has no means by which to prevent the Defendants' infringing conduct, and Hewlett-Packard will continue to be harmed irreparably by the confusion and deception of the public. No amount of money damages can adequately compensate Hewlett-Packard if it loses the ability to control the use of its trademarks, reputation and goodwill. Thus, Hewlett-Packard is entitled to injunctive relief prohibiting Defendants from using the HP Marks in any promotion, advertisement or sale of memory kits and/or other related goods or services.

43. Hewlett-Packard is entitled to recover all profits heretofore realized by Defendants during their use of the infringing HP Marks, as well as Hewlett-Packard's costs in this action pursuant to 15 U.S.C. Section 1117(a).

44. Defendants' actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, Hewlett-Packard is entitled to recover three times the amount of the Defendants' profits plus Hewlett-Packard's reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117(b).

45. Alternatively, Hewlett-Packard is entitled at its election to recover statutory damages pursuant to 15 U.S.C. Section 1117(c).

### THIRD CLAIM FOR RELIEF
(Unfair Competition and False Designation of Origin)
(15 U.S.C. §1125(a))

46. The allegations of paragraphs 1 through 45 are incorporated herein by reference.

47. By reason of Defendants' acts complained of herein, Defendants have intentionally engaged in conduct that constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection or affiliation between Hewlett-Packard's goods and services and Defendants' goods and services in violation of 15 U.S.C. Section 1125(a). Customers are likely to be confused by Defendants' use of such false designations of origin, and false descriptions or representations regarding Hewlett-Packard's goods and services and Defendants' goods and services.

48. Without injunctive relief, Hewlett-Packard has no means by which to prevent Defendants' infringing conduct, and Hewlett-Packard will continue to be harmed irreparably by the confusion and deception of the public. No amount of money damages can adequately

compensate Hewlett-Packard if it loses the ability to control the use of its trademarks, reputation and goodwill. Thus, Hewlett-Packard is entitled to injunctive relief prohibiting Defendants from using the HP Marks in any promotion, advertisement or sale of any memory kits and/or other related goods or services.

49. Hewlett-Packard is entitled to recover all profits heretofore realized by Defendants during their use of the infringing HP Marks, as well as Hewlett-Packard's costs in this action pursuant to 15 U.S.C. Section 1117(a).

50. Defendants' actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, Hewlett-Packard is entitled to recover three times the amount of Defendants' profits plus Hewlett-Packard's reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117(b).

51. Alternatively, Hewlett-Packard is entitled at its election to recover statutory damages pursuant to 15 U.S.C. Section 1117(c).

### FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

52. The allegations of paragraphs 1 through 51 are incorporated herein by reference.

53. In addition to its rights under the Lanham Act as set forth above, Hewlett-Packard has, with respect to its products and services, valid common law rights in the HP Marks.

54. Defendants' use of the HP Marks is in violation and derogation of Hewlett-Packard's common law rights and is likely to cause confusion, mistake and deception among customers and the public as to the source, origin, sponsorship, affiliation or quality of their goods, thereby causing loss, damage and injury to Hewlett-Packard and to the purchasing public. Defendants knew, or in the exercise of reasonable care should have known, that their conduct was likely to so mislead the public.

55. The foregoing conduct by Defendants has been knowing, deliberate, willful, intended

to cause mistake or to deceive, and in disregard of Hewlett-Packard's rights.

56. Defendants' wrongful acts, as alleged above, have permitted or will permit it to make substantial sales and profits on the strength of Hewlett-Packard's nationwide and international marketing, advertising, sales and customer recognition.

57. As a direct and proximate result of Defendants' wrongful conduct, as alleged above, Hewlett-Packard has been and will be deprived of the value of its names and marks as commercial assets in an amount as yet unknown but to be determined at trial.

58. Hewlett-Packard has no adequate remedy at law for, and is being irreparably harmed by, Defendants' continuing violation of its rights as set forth above, and such harm will continue unless Defendants are enjoined by this Court.

## FIFTH CLAIM FOR RELIEF
(Common Law Misappropriation)

59. The allegations of paragraphs 1 through 58 are incorporated herein by reference.

60. Defendants have misappropriated the results of the skill, expenditures and labors of Hewlett-Packard for Defendants' own benefit.

61. Because of this misappropriation, a contract for Defendants to pay for their misappropriation of Hewlett-Packard's skill, expenditures and labors is implied in law.

62. By reason of Defendants' misappropriation, Hewlett-Packard is entitled to recover the reasonable value of their skill, expenditures and labors expended in connection with the HP Marks.

63. Defendants' actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to misappropriate, as alleged above. Therefore, Hewlett-Packard is entitled to recover punitive damages.

### SIXTH CLAIM FOR RELIEF
(Deceptive Acts and Practices)
(New York General Business Law §349)

64. The allegations of paragraphs 1 through 63 are incorporated herein by reference.

65. Defendants, by using HP Marks in connection with the advertisement, distribution and sale of counterfeit and otherwise unauthorized memory kits, have made and continue to make false and misleading statements which were and are known, or which by the exercise of reasonable care should have been and should be known, to Defendants to be false and misleading in violation of New York General Business Law Section 349.

66. By advertising and using counterfeit copies of the HP Marks, Defendants have engaged in deceptive acts and practices including unlawful, unfair and fraudulent business practices and deceptive, untrue and misleading advertising in violation of NYGBL Section 349.

67. Defendants' wrongful acts as alleged above have permitted or will permit them to make substantial sales and profits on the strength of Hewlett-Packard's statewide, national and international marketing, advertising, sales and customer recognition.

68. As a direct and proximate result of Defendants' wrongful conduct, as alleged above, Hewlett-Packard has been and will be deprived of the value of its names and marks as commercial assets in an amount as yet unknown but to be determined at trial.

69. Defendants' actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, Hewlett-Packard is entitled to recover three times the actual damages up to $1,000 pursuant to Section 349(h). Hewlett-Packard is also entitled to reasonable attorneys' fees pursuant to Section 349(h).

70. Hewlett-Packard has no adequate remedy at law for, and is being irreparably harmed by, Defendants' continuing violation of its rights as set forth above, and such harm will continue unless Defendants are temporarily, preliminarily and permanently enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Hewlett-Packard prays for relief as follows:

1. That Defendants be adjudged to have willfully and deliberately sold and distributed goods bearing counterfeit copies of Hewlett-Packard's registered HP Marks, in violation of federal law;

2. That Defendants be adjudged to have willfully and deliberately infringed Hewlett-Packard's registered HP Marks, in violation of federal law;

3. That Defendants be adjudged to have competed unfairly with Hewlett-Packard by its use of counterfeit copies of the HP Marks, in violation of federal law;

4. That Defendants be adjudged to have competed unfairly with Hewlett-Packard by its use of counterfeit copies of the HP Marks, in violation of state law;

5. That Defendants be adjudged to have misappropriated the results of the expenditures, skills and labors of Hewlett-Packard for Defendants' own benefit, in violation of common law;

6. That Defendants be adjudged to have engaged in deceptive practices and acts by their use of counterfeit copies of the HP Marks, in violation of state law;

7. That Defendants and Defendant ComputerGiants.com, Inc.'s officers, agents, owners, employees, confederates, attorneys and any persons in active concert or participation with them be preliminarily and permanently enjoined and restrained from:

   a. Using the HP Marks, or any other mark including any reproduction, counterfeit, copy or colorable imitation of said marks, in connection with the advertising, manufacturing, offering for sale, distribution or sale of memory kits and/or any other goods as new or genuine that are not authorized by Hewlett-Packard.

   b. Using the HP Marks, or any other mark including any reproduction, counterfeit, copy or colorable imitation of said marks in any manner likely to cause others to

believe that any of Defendants' non-genuine goods are made by, distributed by, associated or connected with Hewlett-Packard's goods or services.

 c. Passing off, inducing or enabling others to sell or pass off any memory kits and/or other goods which are not authorized by Hewlett-Packard as new and genuine Hewlett-Packard goods.

 d. Committing any other acts calculated to cause actual or potential purchasers to believe that Hewlett-Packard is the source or sponsor of Defendants' goods.

 e. Shipping, delivering, printing, ordering, importing, distributing, returning, transferring, destroying or otherwise moving or disposing of in any manner such memory kits and/or other goods, packaging or other material falsely bearing or intended to bear the HP Marks or any reproduction, counterfeit, copy or colorable imitation of the same.

 f. Assisting, aiding or abetting any supplier, distributor or any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs a through e.

 g. effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs a through f, above;

8. That Defendants be ordered to advise Hewlett-Packard of the identity of all customers, suppliers, distributors and manufacturers of Defendants' memory kits bearing counterfeit copies of the HP Marks, and the number of such memory kits that have been sold, supplied, distributed or manufactured, and to deliver to Hewlett-Packard all records of purchases, manufacturing, and sales of goods bearing the HP Marks;

9. For an award of all profits heretofore realized by Defendants during their use of the infringing marks pursuant to 15 U.S.C. Section 1117(a);

10. For an award of three times the amount of Defendants' profits and Hewlett-Packard's reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117(b);

11. For an award in the alternative, if Hewlett-Packard so elects, of statutory damages pursuant to 15 U.S.C. Section 1117(c);

12. For an award of punitive and exemplary damages in an amount sufficient to punish Defendants and deter them from such unlawful conduct in the future;

13. For an award of the Plaintiffs' costs and disbursements, including reasonable attorneys' fees pursuant to N.Y.G.B.L. §§349h and 350(e)(3), recoverable in this action ; and

14. For all other relief the Court deems just and proper.

Dated: New York, New York
March 29th, 2005

Respectfully,

FEIN & JAKAB
The Woolworth Building
233 Broadway, Suite 930
New York, NY 10279
(212) 732-9290

HOWARD, RICE, NEMEROVSKI,
 CANADY, FALK & RABKIN,
 A Professional Corporation
Three Embarcadero Center
San Francisco, CA 94111
(415) 434-1600

By: _____
PETER JAKAB (PJ-8553)

Attorneys for Plaintiffs
HEWLETT-PACKARD COMPANY,
HEWLETT-PACKARD
DEVELOPMENT COMPANY, L.P. and
COMPAQ TRADEMARK, B.V.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury of all issues properly triable of right by a jury.

Dated:   New York, New York
         March 29th, 2005

                                        Respectfully,

                                        FEIN & JAKAB
                                        The Woolworth Building
                                        233 Broadway, Suite 930
                                        New York, NY 10279
                                        (212) 732-9290

                                        HOWARD, RICE, NEMEROVSKI,
                                          CANADY, FALK & RABKIN,
                                          A Professional Corporation
                                        Three Embarcadero Center
                                        San Francisco, CA 94111
                                        (415) 434-1600

By: _/s/ Peter Jakab_
                                        PETER JAKAB (PJ-8553)

                                        Attorneys for Plaintiffs
                                        HEWLETT-PACKARD COMPANY,
                                        HEWLETT-PACKARD
                                        DEVELOPMENT COMPANY, L.P. and
                                        COMPAQ TRADEMARK, B.V.