*Case Closed*

PETER JAKAB (PJ-8553)
FEIN & JAKAB
The Woolworth Building
233 Broadway - Suite 930
New York, NY 10279
(212) 732-9290

MARTIN R. GLICK
JEFFREY E. FAUCETTE
ROBERT CRUZEN
HOWARD, RICE, NEMEROVSKI,
  CANADY, FALK & RABKIN,
  A Professional Corporation
Three Embarcadero Center
San Francisco, CA 94111
(415) 434-1600

Attorneys for Plaintiffs
HEWLETT-PACKARD COMPANY,
HEWLETT-PACKARD DEVELOPMENT
COMPANY, L.P. and COMPAQ
TRADEMARK, B.V.

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY  FILED            │
│ DOC #: _____            │
│ DATE FILED: 8/5/02               │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

HEWLETT-PACKARD COMPANY, a
Delaware corporation, HEWLETT-PACKARD
DEVELOPMENT COMPANY, L.P., a Texas
limited partnership, and COMPAQ
TRADEMARK, B.V., a Netherlands
company,

                        Plaintiffs,

          - against -

COMPUTERGIANTS.COM, INC., a New York
corporation, DEAN SOUKERAS, DEAN
COHEN and RYAN RAMOS,

                        Defendants.
-------------------------------------------------------------x

CASE NO.:    05 cv 3394 (TPG)

**CONSENT JUDGMENT AND
STIPULATED PERMANENT
INJUNCTION**

Upon the Stipulation of the Parties, executed below, and upon all of the papers submitted

to the Court herein, it is hereby ORDERED AND ADJUDGED that Defendants, their employees,

agents, successors, assigns, officers, shareholders and all other persons in active concert or

-1-

participation with them are PERMANENTLY ENJOINED from:

1.     creating through any means copies of Plaintiffs' trademarks or logos, or trademarks or logos confusingly similar to Plaintiffs' trademarks or logos, for use in transacting business in products or services that are not Hewlett Packard products or services;

2.     using the "Hewlett Packard" or "HP" or "HP Invent" name, logo or mark, or any confusingly similar name, logo or mark, in connection with the labeling, identification, sale, or offering for sale of any product or service that is not a Hewlett Packard product or service, provided, however, that nothing herein is intended to prohibit those subject to this injunction from engaging in lawful and fair comparative advertising;

3.     making any false statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, that can or is likely to lead the trade or public, or individual members thereof, falsely to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Plaintiffs or are sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiffs;

4.     making any false statement or representation of objectively verifiable fact whatsoever, or using any false designation of origin or false description of objectively verifiable fact, or performing any act, that can or is likely to lead the trade or public, or individual members thereof, falsely to believe that any products manufactured, distributed, or sold by Plaintiffs are anything other than what they are;

5.     engaging in any acts or activities directly or indirectly calculated to alter Plaintiffs' products for the purpose of selling or offering for sale the altered products as anything other than what they are;

6.     holding themselves out as contractually authorized representatives, contractual sales personnel, contractual re-sellers or contractually bound distributors for Plaintiffs' products or services;

7.     engaging in any other activity constituting unfair competition with Plaintiffs or

constituting an infringement of any of Plaintiffs' rights in, or rights to use or to exploit Plaintiffs' trademarks, name, reputation, or goodwill;

8.      effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs 1 through 7 above;

Each party will bear its or his own costs, except as set forth in the Settlement Agreement executed by the parties.  The Court shall retain jurisdiction for the limited purpose of enforcing this Permanent Injunction.

Dated:      New York, New York
~~June~~ _19_, 2005
_July_

Respectfully,

FEIN & JAKAB
The Woolworth Building
233 Broadway, Suite 930
New York, NY 10279
(212) 732-9290

HOWARD, RICE, NEMEROVSKI,
  CANADY, FALK & RABKIN,
  A Professional Corporation
Three Embarcadero Center
San Francisco, CA 94111
(415) 434-1600

By:_____
      PETER JAKAB (PJ-8553)

Attorneys for Plaintiffs

PRYOR CASHMAN SHERMAN &
FLYNN LLP
410 Park Avenue
New York, New York 10022
(212) 421-4100

By:_____
      KENNETH A. SCHULMAN (KS 0961)

Attorneys for Defendants

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

8 / 5 / 05